IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Criminal Action No. 5:17CR4
                                                (STAMP)
CHRISTOPHER L. PARK,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I. <u>Background</u>

The defendant was named in a one-count indictment in the above-styled criminal action. The indictment charges the defendant with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counsel for the defendant filed a motion to suppress statements (ECF No. 16), a motion to suppress the search (ECF No. 29), and a motion to suppress the search and statements (ECF No. 44). The motions to suppress arise out of an incident in which the defendant was severely injured after being hit in the head by a glass bottle while in his home. Emergency personnel, including state and federal law enforcement, reported to the scene, and police officers performed a protective sweep of the upstairs and basement. The police officers obtained a search warrant because there was marijuana mixed with broken glass in plain view in the kitchen, where the defendant was injured.

The defendant challenges the constitutionality of the protective sweep. The defendant also argues that the police officers planted the marijuana as a means to establish probable cause for the search. As to the motion to suppress statements, the defendant simply asserts that his statement to the police officers should be suppressed without presenting evidence of the circumstances of any statements, without identifying any particular statements, and without arguing why they should be suppressed.

United States Magistrate Judge James E. Seibert held a hearing on the motions to suppress on April 11, 2017. After the evidentiary hearing, the parties submitted supplemental briefing on the motions to suppress. The magistrate judge then entered a report and recommendation recommending that each of the three motions to suppress be denied. ECF No. 56. The magistrate judge was unpersuaded by the defendant's argument that the protective sweep was unconstitutional because the law is clear that the police can perform a protective sweep for officer safety. The magistrate judge also found no evidence supporting the defendant's argument that the police officers planted the marijuana on the floor. Lastly, as to the motion to suppress statements, the magistrate judge was unpersuaded by the defendant's mere assertion that his statements should be suppressed. The defendant did not file any objections.

In the time since the magistrate entered the report and recommendation, the defendant entered a plea of guilty to the one-count indictment. The defendant appeared before the Court for a plea hearing on May 25, 2017, at which time the Court accepted the defendant's plea of guilty and deferred adjudging the defendant guilty until a later time, probably the time of sentencing. At the conclusion of the plea hearing, the Court stated that it would enter this memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

The Fourth Amendment to the United States Constitution prohibits warrantless searches unless one of the delineated

exceptions applies.  A protective sweep is one of the delineated exceptions.  See Maryland v. Buie, 494 U.S. 325 (1990).  A protective sweep requires that an officer possess "a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer in believing that the area swept harbored an individual posing a danger to the officer or others."  Id. at 327.

Here, the magistrate judge found that the police officers arrived at a chaotic scene in which the defendant was severely injured, and the police officers were told the assailant was not present.  The Court agrees with the magistrate judge that there was no Fourth Amendment violation because it was reasonable for the police officers to believe that an individual who may pose a threat may have been in the house.  Furthermore, the marijuana was found in plain view immediately upon the police officers' arrival, not as a result of the protective sweep.  Thus, even if there was a Fourth Amendment violation, the magistrate judge correctly reasons that there would be no evidence to suppress as a result of an unconstitutional search.

The Court also agrees with the magistrate judge that there is no evidence in the record to support the defendant's assertion that the police officers planted marijuana on the kitchen floor as a means to establish probable cause.  The magistrate judge's finding that the police officers were credible is not clearly erroneous.

4

The defendant does not challenge probable cause beyond his argument that the police planted the marijuana in the kitchen. Thus, the magistrate judge was not clearly erroneous in finding that there was probable cause. Lastly, this Court concurs with the magistrate judge's finding that the defendant never submitted any evidence or argument in support of his mere assertion that his statements should be suppressed.

Accordingly, after reviewing the report and recommendation under the clearly erroneous standard of review, this Court is not left with a "definite and firm conviction that a mistake has been committed." United States Gypsum Co., 333 U.S. at 395. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 56) is AFFIRMED AND ADOPTED. Therefore, the defendant's motion to suppress statements (ECF No. 16), motion to suppress the search (ECF No. 29), and motion to suppress the search and statements (ECF No. 44) are hereby DENIED.

Additionally, because no party filed objections to the report and recommendation, the defendant waived his right to appeal a judgment of this Court based thereon and the defendant's plea agreement is not conditional on the ruling on the motions to suppress. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein, to the defendant, to the United States Probation Office, and to the United States Marshals Service.

DATED:   May 25, 2017

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE